CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAY 17 2005
JOHN F. CORCORAN, CLERK
BY /s/ Deputy
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY WILSON, | Civil Action No. 7:05CV00301 |
| Petitioner, | Criminal Action No. 4:03-CR-70134 |
| v. | MEMORANDUM OPINION |
| UNITED STATES, | By: Hon. Norman K. Moon |
| Respondent. | United States District Judge |

Petitioner Rodney Wilson, a federal inmate proceeding pro se, brings a civil rights claim under 42 U.S.C. § 1983. In his complaint, Wilson alleges ineffective assistance of counsel and prosecutorial misconduct during Wilson's federal conviction. However, such claims are not appropriate in an action under 42 U.S.C. § 1983 unless the conviction at issue is first invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Therefore, the court construes this as a motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. Because Wilson's conviction is currently on appeal, the court files and dismisses Wilson's petition without prejudice. Wilson may refile this motion if he does not obtain relief from his direct appeals.

On December 17, 2004, a jury in the Western District of Virginia found Wilson guilty of nine drug and firearm offenses. On April 8, 2005, the court sentenced Wilson to eight life sentences and 120 months, all to be run concurrently. Wilson appealed his conviction to the Court of Appeals for the Fourth Circuit. Wilson's appeal is still pending before the Court of Appeals. Wilson filed the instant petition on May 5, 2005.

A petitioner is normally barred from filing a motion under § 2255 during the pendency of a direct appeal absent extraordinary circumstances. The Court of Appeals for the Fourth Circuit has endorsed this practice in unpublished opinions. See United States v. Monson, 1995 U.S. App. LEXIS 4381 *8 (4th Cir. 1995) (determining that "the district court may entertain, during the

pendency of a direct appeal, a collateral challenge to the conviction if extraordinary circumstances warrant it"); see also United States v. Williams, 1997 U.S. App. LEXIS 6402 (4th Cir. 1997); United States v. Barnes, 1995 U.S. App. LEXIS 32031 (4th Cir. 1995).

The petitioner has not argued that the instant case exhibits any extraordinary circumstances. The court finds that this case does not fall within the narrow exception to the general rule that collateral relief is not appropriate if a case is still pending on direct appeal. Therefore, the court must file and dismiss petitioner's motion without prejudice. An appropriate order will be entered this day.

**ENTER**: This 17th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE